## CHICAGO, ROCK ISLAND & GULF RAILWAY COMPANY v. W. C. GRONER ET AL.

Decided May 19, 1906.

**1.—Application for Continuance—Discretion of Court.**

Where the original petition charged defendant with negligence which would probably result in death, and an amended petition, filed on the day of trial, alleged that death had occurred as the result of the negligence charged in the original petition, a second application for continuance by defendant on the ground of surprise was addressed to the discretion of the court, and it not appearing that such discretion was abused the action of the court in overruling said application was not reversible error.

**2.—Death of Wife—Value of Services.**

The value of the services of a wife is a matter not provable alone by an expert. The term services, as used at common law in relation to the labor performed and aid rendered by a wife, does not properly represent the dignity of the wife's work as a member of the matrimonial partnership. Her duties are those of a wife, and are not to be valued as those of a servant or hireling. The fruits of her labor belong to the community as do those of the husband, and the same rules that apply to the one apply to the other. The value of a wife's labor and aid is a matter of common knowledge, and when there is no testimony concerning it the jury may, upon a proper state of facts, proceed to estimate it according to their best judgment.

**3.—Death—Contributing Cause.**

Where the wife of the plaintiff had consumption at the time of her exposure to cold through the negligence of the defendant, and such negligence reasonably and naturally aggravated the disease and hastened her death, the defendant would be liable if such death was a proximate result of said negligence. In such case the defendant's negligence would be a contributing cause of the death, and the negligence could not be excused on the ground that death would have occurred later. This fact goes only to the amount of damages.

Appeal from the District Court of Jack County. Tried below before Hon. J. W. Patterson.

*N. H. Lassiter, Robert Harrison* and *Sil Stark,* for appellant.—The evidence set out in the application was of the utmost importance to

the defendant, and as the necessity for it arose only after the amendment was filed, the defendant was entitled to a reasonable time to procure it. The original suit abated at the time of Mrs. Groner's death, and the amendment presented a new cause of action, and, technically, the defendant was entitled to have the original suit dismissed and a new citation served on it before it was required to answer the new cause of action set up. It was, for a stronger reason, entitled to a continuance to defend against the new cause of action, if, as the application shows, it was not prepared with evidence to refute it. Low Water Company v. Hickson, 74 S. W. Rep., 782; St. Louis S. W. Ry. Co. v. Terry, 22 Texas Civ. App., 177; Hony v. Gamel, 62 S. W. Rep., 76.

The witness Groner did not qualify, and did not show that he knew whether the estimate he was asked to give was reliable or otherwise. His testimony simply gave his opinion and was a pure guess, and was inadmissible. Cameron Mill Co. v. Anderson, 78 S. W. Rep., 971; Gulf, W. T. & P. Ry. Co. v. Staton, 49 S. W. Rep., 278; San Antonio & A. P. Ry. Co. v. Barnett, 66 S. W. Rep., 477.

There is no evidence in the record to justify the verdict which the jury awarded in favor of F. S. Groner and W. C. Groner, Jr., as the evidence showed that each of these persons was an adult and showed that F. S. Groner was married and did not live with the deceased Mrs. Groner; and the evidence wholly fails to show that either of these adult children received or had any reason to expect any assistance or service or pecuniary benefit from the deceased. San Antonio & A. P. Ry. Co. v. Long, 87 Texas, 152.

*Nicholson & Fitzgerald,* for appellees.—The application for a continuance being defendant's second application and the subpoenas attached to said application having been issued six months prior to the date of said application, and having been disobeyed at a former term of the court, and the testimony to be proven by the witnesses Beulah Harnback and Georgia Light, being only a matter of opinion, and not admissible, and the expert testimony of the physicians expected to be proven, not being probably true (because a number of expert witnesses for defendant testified on the trial of the case, and would not swear that they could tell about whether or not Mrs. C. C. Groner contracted consumption prior to November 8, 1904,) there was no error in the action of the court in overruling said application. The amended original petition of plaintiff did not set up a new cause of action, and said application failing to show any diligence, it was properly overruled. Missouri, K. & T. Ry. Co. v. Wright, 19 Texas Civ. App., 49; Belknap v. Groover et al., 56 S. W. Rep., 249; Owen v. Cibolo Creek, etc., Mining Co., 43 S. W. Rep., 297. On question of new cause of action, see Gulf, C. & S. F. Ry. Co. v. Richards, 32 S. W. Rep., 96; Lee v. Boutwell, 44 Texas, 152.

Minor children, the mother of whom has been killed by the negligence of a railway company, are entitled to recover damages, and the fact that the work and services rendered by the mother of said children, prior to her death, is performed afterward by another, will not defeat such right to recover. Gulf, C. & S. F. Ry. Co. v. Younger, 38 S. W. Rep., 1121; Gainesville, H. & W. Ry. Co. v. Lacy, 86 Texas, 244; Dallas, etc., Ry. Co. v. Elliott, 7 Texas Civ. App., 220.

CONNER, CHIEF JUSTICE.—Appellee, W. C. Groner, on January 30, 1905, instituted suit in the District Court of Jack County to recover damages to himself and wife in the sum of twenty thousand dollars, resulting from alleged negligence on appellant's part in failing to keep certain of its depots sufficiently warmed while Mrs. Groner was detained therein waiting to take certain trains as a passenger, by reason of which it was charged she contracted a deep-seated cold, causing mental and physical pain, loss of time, expense of sickness and probably death.

On the day of the trial, September 12, 1905, appellee W. C. Groner, joined by the children of the marriage, filed an amended petition with allegations substantially as before, save it was averred that as a proximate result of the wrongs charged Mrs. Groner died on the 22d day of the preceding July..

The trial was before a jury and resulted in a judgment for appellees for $2,500, apportioned as specified in the verdict.

Error is first assigned to the action of the court in overruling appellant's second application for a continuance. In the bill of exception taken to this action of the court it is alleged that the appellant company did not know that appellee would claim that the death of Mrs. Groner was the result of the alleged negligence of the appellant, nor that appellee would claim of defendant damages therefor, until September 11, 1905, when appellees' attorney handed to appellant's attorney an amended petition in which it was for the first time claimed that Mrs. Groner was dead, or that her death was the proximate result of the negligence alleged. It was charged that Mrs. Groner's death was caused from tuberculosis of the lungs, or consumption, and was not the proximate result of the negligence alleged by the appellees, and that if given an opportunity to do so, appellant could prove by the witnesses named in its application facts tending to show that on the 8th day of November, 1904, (the day upon which appellees alleged she had undertaken her journey), Mrs. Groner was sick and then had symptoms of consumption; that by one, Dr. Briggs, a resident of Dallas County, appellant could prove that in February, 1904, he was her attendant physician while in a sanitarium from February 15, 1904, until June 26, 1905; that at this time Mrs. Groner was suffering with tuberculosis of the lungs, or consumption, in an advanced stage. And appellant alleged that it could further prove by this witness and also by Doctors Derringer and Walker, residing in Fort Worth, Tarrant County, Texas, that from the development of Mrs. Groner's disease on February 15 it was impossible for her to have acquired it as late as November 8, 1904, and that she could not have acquired said disease from exposure to cold or chilly weather on that date. The application further stated that if given an opportunity appellant could procure many other witnesses to testify that Mrs. Groner had been exposed to consumption in her home prior to November 8, 1904; that one son, Jesse Lee Groner, died from this disease in her said home on September 14, 1904; that a Miss Warden died of consumption in deceased's home some time prior to the death of Jesse Lee Groner; that Mrs. Groner was exposed to said disease from said sources and that she did acquire said disease prior to the date of her journey. The application excused appellant's want of diligence in procuring the testimony suggested because of surprise and of the want of

knowledge of its materiality, as stated, and in other respects seems to be in conformity with the statute.

We have concluded, however, that the application was addressed to the sound discretion of the court, and we feel unable to say that such discretion was abused. The original petition is very full of allegations that the negligence alleged, proximately resulted in an illness of Mrs. Groner that was serious and permanent, and that such sickness would probably cause her death. If appellant desired to receive more particular information as to the character or manifestations of the sickness charged to have resulted from appellant's negligence, an exception should have been leveled at the petition calling for the additional information. It was not alleged in either the original or amended petitions that Mrs. Groner died of tuberculosis or consumption. This was a defense presented by appellant, together with the further defense that the disease named could not have been caused by exposure to cold on the date when it was alleged Mrs. Groner was exposed thereto, and it would seem that appellant should have been prepared with the proof, if any was obtainable, supporting these defenses. They seem alike applicable to the cause of action alleged in both the original and amended petitions. Nothing new was presented by the amended pleadings other than a result of negligence that had been before alleged to be probable, and hence appellant could hardly have been surprised. That appellant was not surprised is indicated by the fact that upon the trial it proved that a few months prior to the time she undertook her journey on the cars, Mrs. Groner's son, Jesse Lee Groner, died of consumption after an illness of several weeks, during which he was nursed by his mother. Appellant also developed by the testimony of one or more physicians that consumption is acquired from a germ, the tubercle bacilus, and that this germ is communicable from a person suffering with consumption; that consumption could not be produced by "catching cold" or "exposure to cold"; and it further appeared that at least one of the witnesses named in the application for continuance had been theretofore subpoenaed for the purpose, as stated in the application, of proving that Mrs. Groner was sick on November 8, 1904, and then had symptoms of consumption. So that, on the whole, we feel that we must overrule the first assignment of error.

In the second assignment it is urged that the court committed error in overruling appellant's objections to the testimony of appellee W. C. Groner to the effect that in his opinion the reasonable value of his wife's services in the care of the household and in the performance of her duties in training and caring for the children, was six hundred dollars per year. The objections were that the testimony was irrelevant, hearsay and does not tend to prove any fact at issue; that there was no evidence in the case that the witness had any knowledge of the fact of which he was testifying. The objections made are plainly untenable, and it is not suggested that the witness had failed to fully state the kind and character of his wife's services. The question is not one provable alone by an expert, as in the case of Cameron Mill Co. v. Anderson, 78 S. W. Rep., 971, cited by appellant. As said in the case of Gainesville, H. & W. Ry. Co. v. Lacy, 86 Texas, 248: "The term service, as used at common law in relation to the labor performed and aid rendered by a wife, does not properly represent the dignity of the wife's work as a member

of the matrimonial partnership in Texas. She no more owes service to the husband than he to her. Her duties are those of a wife, and are not to be valued as that of a servant or hireling. The fruits of her labor belong to the community, as does that of the husband, and the same rules that apply to the one, under like circumstances apply to the other. The husband usually follows a pursuit which makes a return in money, and the value of his labor can be ascertained by a comparison with that of other men in like employment with like ability. The wife's labor, while equally valuable in the community does not command a price in the market, and therefore can not be proved by experts as can that of the husband." And further, in speaking of evidence as here objected to, uses the following language: "Suppose that in this case a witness had been called to testify as to the value of Mrs. Lacy's labor and aid as a wife. He must simply have given his opinion, formed from knowledge that is common to all men. It would have been one man telling twelve what his opinion was in a given state of facts in evidence before the court, and upon which they were equally as well, if not better, qualified than he to form a judgment. Such testimony is admissible for either plaintiff or the defendant in any case; but if not given, the jury may upon a proper state of facts proceed to estimate the damages according to their best judgment." The assignment is overruled.

The fifth paragraph of the court's charge is objected to in the third assignment, on the ground that it was "calculated to lead the jury to believe that if Mrs. Groner died of consumption, but the alleged negligence of the defendant caused her to die of that disease sooner than she otherwise would have died from it, plaintiff was entitled to recover for causing her death." We do not think the charge is erroneous. The jury were therein expressly instructed that if Mrs. Groner died from tuberculosis of the lungs, or consumption, they should find for the defendant unless they believed from a preponderance of the evidence that defendant was negligent, as charged, and that such negligence was the proximate cause of her death. Nor are we prepared to hold that appellant is relieved from liability on the mere ground that Mrs. Groner died of consumption. While, as stated, there was testimony to the effect that consumption could not be caused by exposure to cold, the same witnesses further testified that a severe cold, or any other cause which lowered a patient's vitality, might allow the germs to find lodgment and the disease to begin its ravages, when, except for this lowering of vitality, the patient might have "walled up" the germs and thrown them off without injury. If therefore, appellant's negligence proximately produced a condition of health rendering Mrs. Groner susceptible to the disease (she being otherwise in good health) and as a natural and probable consequence she in fact became affected with the disease and her death resulted therefrom, appellant would be liable. Or even if Mrs. Groner at the time of her exposure to cold, was afflicted with the disease, and appellant's negligence reasonably and naturally aggravated it and hastened her death appellant would be liable, if such death, as submitted by the court, was a proximate result of the negligence charged. In such case appellant's negligence would be at least a contributing cause of the death, and in such event the negligence can not be excused on the ground that Mrs. Groner's death would have occurred later. Death to

all must come sooner or later, and we do not understand that the laws will relieve the wrongdoer of liability upon speculative grounds such as indicated in the objections. At most the question goes to the amount of damages only.

What we have said in the disposition of the third assignment of error also disposes, we think, of the fourth, which complains of the refusal of the court to give appellant's special charge No. 3. The effect of this charge would have been to instruct the jury that if they found that Mrs. Groner died of consumption and that such disease could not originate without the germs entering the body from without, they should find for appellant.

The remaining assignment complains of the amount of the verdict and of its apportionment among the appellees, but we think the assignment without merit, and the evidence supporting the material allegations of appellees' petition, it is ordered that the judgment be affirmed.

*Affirmed.*

Writ of error granted, cause reversed and remanded.